# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA LASTRA,<br><br>                                Plaintiff,<br>  vs.<br><br>PHH MORTGAGE CORPORATION; COLDWELL BANKER HOME LOAN,<br><br>                              Defendants. | CASE NO. 10CV2571 JLS (NLS)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>(Doc. No. 10.) |

      Plaintiff, a California citizen, began this action in state court on November 2, 2010, asserting state law claims. (Doc. No. 1 (Notice of Removal) ¶ 1.) She named PHH Mortgage Corporation and Coldwell Banker Home Loan as defendants. (*Id.*) On December 15, 2010, Coldwell removed the action to this Court, claiming diversity under 28 U.S.C. § 1332. (*Id.* ¶ 2.) Coldwell alleged that it was a citizen of Delaware, PHH was a citizen of New Jersey, and the amount in controversy exceeded $75,000. (*Id.* ¶¶ 4–8.) Plaintiff responded with the present motion to remand, arguing that Coldwell's notice of removal did not properly prove that the amount in controversy exceeded $75,000 and that complete diversity existed. (Doc. No. 10 (Mot. to Remand) at 2.) As part of Defendant's opposition to the motion to remand, Defendant raised the issue of timeliness of the notice of removal. (*Id.* at 6.) Defendant argued, obviously, that its notice of removal was timely. But saying so doesn't make it so. And by raising the issue, Defendant made its own bed.

1       Defendant has not, and cannot, establish that it filed a timely notice of removal. A
2 defendant must file a notice of removal in the district court within thirty days after being served
3 with the summons and complaint, 28 U.S.C. § 1446(b), and this removal period is triggered by
4 service of process as governed by state law, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
5 526 U.S. 344, 354 (1999). In this case, service is determined under California Code of Civil
6 Procedure § 415.40, and it provides that service by mail is effective ten days after the summons
7 and complaint are mailed with a return receipt requested. Cal. Code Civ. Proc. § 415.40.

8       Coldwell filed its notice of removal on December 15, 2010. (*See* Notice of Removal at 1.)
9 Applying the thirty-day rule of 28 U.S.C. § 1446(b), removal would be timely only if Plaintiff
10 served Defendants on or after November 16, 2010. Although Coldwell contends it "was never
11 properly served with the Complaint," *see* Opp'n at 2, Plaintiff provides the Court with a copy of a
12 proof of service by mail, which unambiguously shows that Plaintiff mailed Coldwell the summons
13 and complaint, return receipt requested, on November 2, 2010. (*See* Doc. No. 22 at Ex. B.)
14 Applying the ten-day rule of Cal. Code Civ. Proc. § 415.40, service on Coldwell was effective on
15 November 12, 2010. Coldwell's notice of removal is therefore untimely. "The removal statute is
16 strictly construed, and any doubt about the right of removal requires resolution in favor of
17 remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

18       The Court **GRANTS** Plaintiff's motion to remand. This action is remanded to the Superior
19 Court of California, County of San Diego.

20       **IT IS SO ORDERED**.

22 DATED: April 12, 2011

23                                               Honorable Janis L. Sammartino
24                                               United States District Judge